JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| EPSON AMERICA, INC., | Case No.: SACV 23-01735-CJC (DFMx) |
| Petitioner, | ORDER DENYING PETITIONER EPSON AMERICA, INC.'S PETITION TO VACATE ARBITRATION AWARD [Dkt. 4] AND CONFIRMING ARBITRATION AWARD |
| v. | |
| KADAKIA INTERNATIONAL, INC., | |
| Respondent. | |

## I.      INTRODUCTION

In this case, Petitioner Epson America, Inc. seeks to vacate an arbitration award ("Award") Kadakia International, Inc. secured against it before American Arbitration Association ("AAA") arbitrator Mary S. Jones (the "Arbitrator"), related to Kadakia's purchase of one of Epson's printers. Now before the Court is Epson's petition to vacate the Award. (Dkt. 4 [Petition to Vacate Arbitration Award, hereinafter "Petition"].) In response, Kadakia asks the Court to confirm the award. (Dkt. 21 [Memorandum in

Opposition to Epson's Petition to Vacate Arbitration Award and Kadakia's Petition to Confirm Arbitration Award, hereinafter "Opp."].)  For the following reasons, Epson's petition is **DENIED,** and the Award is **CONFIRMED**.[1]

## II.    BACKGROUND

In September 2016, Kadakia purchased an Epson Seven-Color SurePress L-4033AW Digital Color Label Press, Rewinder, and Epson A3 Scanner ("SurePress"). (Petition ¶ 7.)  Two years later, Kadakia sent Epson a demand letter indicating the SurePress did not work as promised and there were "all types of issues with the media utilized." (*Id.* ¶ 17.)  Kadakia ultimately filed a complaint in the Superior Court of New Jersey on April 28, 2019, asserting six claims against Epson: (1) breach of express warranties; (2) breach of implied warranty; (3) breach of risk of loss; (4) incidental and consequential damages; (5) breach of contract; and (6) common law bad faith and fair dealing.  (*Id.* ¶ 22.)   Epson moved to dismiss based on the mandatory arbitration provision in the sales agreement for the SurePress, which the Superior Court granted. (*Id.* ¶ 23.)  In October 2020, Kadakia filed a demand for arbitration with the AAA, asserting claims for "[c]ommercial breach of contract, express warranties and implied warranties [r]esulting in incidental and consequential damages." (*Id.* ¶ 24.)

On November 8, 2021, after an unsuccessful mediation, Kadakia filed before the Arbitrator an amended detailed statement of claims containing six claims: (1) breach of express warranty; (2) breach of implied warranty; (3) effect of breach on risk of loss; (4) incidental and consequential damages; (5) breach of contract; and (6) common law bad faith and fair dealings.  (*Id.* ¶¶ 25–26.)  The parties stipulated that they "consented to

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for February 12, 2024 at 1:30 p.m. is hereby vacated and off calendar.

Rule 33 of the Consumer Arbitration Rules, filing of a dispositive motion." (Dkt. 4-3 [Declaration of Jack S. Brodksy in Support of Epson's Petition to Vacate Arbitration Award, hereinafter "Brodsky Decl."] Ex. E.) In light of the stipulation, the arbitrator noted "[t]he parties have agreed to resolve all matters in dispute by way of dispositive motions." (*Id.* Ex. F at 1.) The Arbitrator further explained "[t]he Parties and Counsel have stipulated and agreed to resolve all issues in dispute in this matter by summary adjudication, with the submission of evidence and written briefs setting forth the parties' positions and relief sought." (*Id.* at 2.) The Arbitrator set forth a briefing schedule which included the filing of a joint statement of undisputed facts, a joint stipulation of disputed issues to be resolved, an opening brief and supporting evidence by a moving party, a response brief and supporting evidence, and a reply brief and supporting evidence. (*Id.*)

Pursuant to the briefing schedule, the parties submitting the following "Joint List and Statement of Stipulated Issues to be Resolved by Summary Adjudication:"

1. Whether Kadakia's claim that the SUREPRESS was purportedly unable to print on Kadakia's intended media constitutes a breach of the Agreement between the Parties?

2. Whether Epson's statements prior to the execution of the Agreement amount to an express warranty that the SUREPRESS would print on Kadakia's intended media?

3. Whether the Agreement (see Attachment C, Section 7 of the Agreement) effectively disclaims any implied warranties or representations not incorporated in the Agreement?

4. Whether the limitation of liability provisions of the Agreement (see Paragraph 7 and Attachment C, Section 8 of the Agreement) effectively limit Kadakia's recoverable damages to the price it paid for the SUREPRESS?

(*Id.* Ex. H.) The parties also submitted their "Joint Stipulation of Undisputed Facts" and attached the operative purchase and sale agreement. They stipulated that:

> 1. On September 6, 2016, Kadakia purchased the SUREPRESS from Epson for a purchase price of $189,500.00.
>
> 2. The parties entered into and executed a Purchase and Service Agreement with Epson, dated September 6, 2016.
>
> 3. Epson delivered the SUREPRESS to Kadakia at its South Plainfield, New Jersey location in November 2015.

(*Id.* Ex. 1.)  On April 28, 2022, Epson submitted "Respondent's Opening Brief in Support of Motion for Summary Adjudication" requesting that the arbitrator grant its motion for summary adjudication and enter judgment in Epson's favor as to each of Kadakia's claims.  (*Id.* Ex. J.)  Shortly thereafter, Kadakia submitted "Claimant's Response Brief in Support of a Summary Adjudication" in which it endeavored to rebut Epson's arguments, put forth affirmative arguments to support its claims, and specifically "request[ed] that the Arbitrator grant Summary Adjudication, enter judgment in Kadakia's favor as to each of Kadakia's claims, and for whatever other relief the Arbitrator deems just and proper." (Dkt. 21-5 Ex. 11 at 15.)  Epson then submitted "Respondent's Reply Brief in Support of Motion for Summary Adjudication," which largely rehashed the arguments Epson advanced in its opening brief and did not address Kadakia's explicit request that the arbitrator grant judgment in Kadakia's favor.  (*See* Dkt. 21-4 Ex. 7.)

On August 18, 2022, the arbitrator issued her "Ruling on Parties' Stipulated Requests for Summary Adjudication."  (Brodsky Decl. Ex. K.)  In her ruling, the Arbitrator noted that "[t]he bulk of evidence submitted by both parties relies on nearly identical email submissions evidencing the Parties' communications that formed the basis of their dealings resulting in the Parties' Agreement."  (*Id.* at 5.)  The Arbitrator further noted that "[a]lthough the evidence would have been better submitted in an affidavit format, along with a settled statement from both parties . . ., neither party objected to the format or any evidence, including emails or other exhibits submitted by the other party in

-4-

support of this stipulated motion." (*Id.* at n.2.; *see also id.* at 6 n.3 ["These email exchanges were largely produced by both parties.  Neither party raised any objection to any of the papers or evidence submitted in support of or opposition to, the briefs or exhibits filed by either party."].)  The Arbitrator found in favor of Kadakia, but limited Kadakia's damages to the price paid for the SurePress. (*Id.* at 11; *see also id.* Ex. O at 2 ["In Summary, The Ruling DENIED Respondent's request to dismiss Claimant's breach of contract an breach of express and implied warranty claims against Respondent, and GRANTED Claimant's claims against Respondent for breach of contract and breach of express and implied warranties."].)

Following her ruling, the Arbitrator sought briefing and oral argument on remaining issues, including a determination of damages and the amount of attorneys' fees and costs.  (Dkt. 4-1 [Memorandum of Points and Authorities in Support of Petition to Vacate Arbitration Award, hereinafter "Mem."] at 12.)  At the oral argument on December 12, 2022, Epson "requested a hearing on whether the Arbitrator exceeded her authority by making improper factual determinations in her Order." (*Id.*)  Shortly thereafter, on January 18, 2023, Epson submitted a letter requesting "that the portion of the Arbitrator's Order that relied upon the Arbitrator's improper factual determinations be vacated, and this matter be scheduled for an evidentiary hearing to resolve the outstanding factual disputes relating to Kadakia's claims." (Brodsky Decl. Ex. M at 1.)  On January 20, 2023, the parties submitted a "Joint List of Remaining Issues to be Resolved," which included "[w]hether the arbitrator exceeded her authority in making improper factual determinations in adjudicating the motion for summary adjudication." (*Id.* Ex. N.)  During subsequent oral argument, the Arbitrator denied Epson's requests to submit additional evidence and for reconsideration. (*Id.* ¶ 19.)  On July 13, 2023, the Arbitrator issued her "Amended Final Award" awarding Kadakia $258,075, which consisted of damages, reasonable attorneys' fees, and costs. (*Id.* Ex. L.)  The Arbitrator denied Epson's request for a hearing on whether she exceed her authority in making

factual determinations.  (*Id.* at 4 n.7.)  The Arbitrator reiterated that "[e]arly in this proceeding, Counsel advised that the Parties jointly agreed and stipulated to resolve all issues by way of summary adjudication, with the submission of evidence and written briefs setting forth the parties' positions, relief sought and not by way of in-person hearing."  (*Id.* at 1.)  The Arbitrator further explained that "[i]t was understood the Parties were seeking summary adjudication on all remaining matters and to forego the need for a lengthy and costly hearing/trial."  (*Id.* at 1 n.1.)

On September 18, 2023, Epson petitioned the Court to vacate the Award, and pursuant to a stipulated schedule, on November 28, 2023, Kadakia opposed Epson's petition and petitioned the Court to confirm the Award.

## III.    LEGAL STANDARD

After an arbitration, any party may request that a district confirm the arbitration award and issue a judgment.  *See* 9 U.S.C. § 9.  "Confirmation is a summary proceeding that converts a final arbitration award into a judgment of the court."  *Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d 1091, 1094 n.1 (9th Cir. 2011).  A court's review of an arbitration award is "extremely limited" and highly deferential.  *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 998 (9th Cir. 2003) (en banc); *Comedy Club, Inc. v. Improv. W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009).  This "is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures."  *Kyocera Corp.*, 341 F.3d at 998.  "Where the parties have agreed to arbitration, the courts will not review the merits of the dispute."  *Thompson v. Tega-Rand Int'l*, 740 F.2d 762, 763 (9th Cir. 1984).

The Federal Arbitration Act states that courts "must" confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9; *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).  The Act "enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award."  *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (citation omitted).  "Specifically, the FAA provides that a federal court may vacate an arbitration award only where: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to hear pertinent and material evidence or otherwise prejudiced the rights of any party; or (4) the arbitrators exceeded their powers."  *PhotoFixitPro, Inc. v. Costco Wholesale Corp.*, 2023 WL 3432235, at *2 (C.D. Cal. Mar. 16, 2023).  "In determining whether an arbitrator's misbehavior or misconduct prejudiced the rights of the parties, [courts] ask whether the parties received a fundamentally fair hearing."  *Move, Inc. v. Citigroup Glob. Markets, Inc.*, 840 F.3d 1152, 1158 (9th Cir. 2016).  "The burden of establishing grounds for vacating an arbitration award is on the party seeking it."  *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010).

## IV.  ANALYSIS

Epson asks the Court to vacate the Award pursuant to Section 10(a)(3) of the FAA and remand this matter to a different arbitrator.  (Mem. at 15.)  Kadakia asks the Court to confirm the Award.  (Opp. at 31–33.)  The Court first analyzes whether it should vacate the Award, and then whether it should confirm the Award.

**A.      Whether to Vacate the Award**

Epson argues that the Court should vacate the Award because the Arbitrator committed misconduct pursuant to Section 10(a)(3) of the FAA by "depriv[ing Epson] of the opportunity to complete its presentation of proof."  (Mem. at 15; Dkt. 27 [Reply to Kadakia's Memorandum of Points and Authorities in Opposition to Epson's Petition to Vacate Arbitration Award and Kadakia's Notice of Petition and Petition to Confirm Arbitration Award, hereinafter "Reply"] at 7–8.)  In short, Epson asserts that the Arbitrator misconstrued the parties' stipulation that the case be determined entirely by summary adjudication.  Epson claims that the intention behind the parties' stipulation was for a procedure akin to a motion to dismiss or a motion for summary judgment limited to purely legal disputes—and that the most the Arbitrator could do was deny Epson's motion for summary adjudication.  (Mem. at 11 ["If the Arbitrator found there to be factual issues in dispute—which is clear from the Order that she did—then the Arbitrator's sole course of action *was to deny Epson's motion* and set the dispute for an evidentiary hearing."].)  The Court is not persuaded.

First, the Arbitrator, from the beginning, repeatedly explained that the parties "agreed to resolve *all issues* in dispute in this matter by *summary adjudication*, with the *submission of evidence and written briefs* setting forth the parties' positions and relief sought."  (Brodsky Decl. Ex. F. at 2 [emphases added].)  Epson does not appear to have ever contested that understanding.  Epson's complaint that it was not allowed the opportunity to cross-examine live witnesses, raised only after the Arbitrator found in favor of Kadakia, is simply inconsistent with the Arbitrator's explanation of the parties' mutual understanding of how the case would proceed.  At no point did the Arbitrator's scheduling order discuss multiple "phases"—and to the extent Epson's understanding of the parties' agreement was inconsistent with how the Arbitrator characterized it, Epson

should have alerted the Arbitrator then, rather than concealing its concerns until after an unfavorable ruling.

Second, to the extent there was any doubt in Epson's mind that liability would be decided by summary adjudication based on the briefs and evidence presented in accordance with the Arbitrator's scheduling order, Kadakia's brief should have dispelled that doubt. The title of Kadakia's brief—"Claimant's Response Brief in *Support* of Summary Adjudication"—alone should have put Epson on notice that Kadakia believed liability would be resolved via summary adjudication conducted in accordance with the Arbitrator's scheduling order. What is more, the brief concluded by "request[ing] that the Arbitrator grant Summary Adjudication, enter judgment in Kadakia's favor as to each of Kadakia's claims, and for whatever other relief the Arbitrator deems just and proper." (Dkt. 21-5 Ex. 11 at 15.) Epson had the opportunity to reply, which it did, but it did not argue that the Arbitrator could not yet grant Kadakia's request that the Arbitrator enter judgment without further presentation of evidence.

Third, Epson argued *against* depositions in this case, further suggesting live witness testimony was not part of the parties' agreement. Specifically, Epson "assert[ed] that depositions were *not previously contemplated by the parties in this process*[.]" (Brodsky Decl. Ex. G at 1.) It is difficult for the Court to conceive of live witness testimony in a civil case when there have been no depositions. While not dispositive, this is yet another indicator that Epson did not decide live testimony was necessary until after the Arbitrator ruled against it.

In sum, Epson received the procedure that it agreed to but is unhappy with the result. But its unhappiness does not permit the Court to vacate the Award, effectively undermining the parties' commendable efforts to streamline procedures to minimize the costs to their respective clients. The Award at issue, in the grand scheme of things, does

not represent a huge loss to Epson.  It makes sense that the parties and the Arbitrator proceeded as they did.  But Epson's buyer's remorse now frustrates its and Kadakia's goal of efficiently adjudicating this case.

In any event, the arbitration proceedings met "the minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator."  *Carpenters 46 N. California Ctys. Conf. Bd. v. Zcon Builders*, 96 F.3d 410, 413 (9th Cir. 1996).  Indeed, unless a party has been denied a fundamentally fair hearing, "deference must be given to an arbitrator's decisions concerning procedural issues."  *Id.* The Arbitrator determined that the parties agreed to a summary adjudication based on a limited presentation of evidence on the papers and repeatedly stated as much.  *See U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010) ("Arbitrators enjoy wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit.") (internal quotation marks and citation omitted). Epson had the opportunity to present the evidence in the form the parties agreed.  *See id.* ("Here, the panel allowed each party the opportunity to complete its presentation by submitting a brief and participating in the hearing.").  This is simply not a case in which "the arbitrator's procedure was a 'sham, substantially inadequate or substantially unavailable.'"  *Lindsey v. Travelers Com. Ins. Co.*, 636 F. Supp. 3d 1181, 1184 (E.D. Cal. 2022) (quoting *Fed. Deposit Ins. Corp. v. Air Fla. Sys., Inc.*, 822 F.2d 833, 842 (9th Cir. 1987).  Epson has failed to meet its burden to demonstrate a ground for vacating the Award.

### B.    Whether to Confirm the Award

The Court "must" confirm the Award unless it is vacated, modified, or corrected. 9 U.S.C. § 9.  The Court has reviewed and rejected Epson's arguments that the Award should be vacated.  The Arbitrator spent considerable time presiding over this case,

including multiple rounds of oral argument.  She carefully examined the evidence presented and made detailed findings and conclusions.  In the end the Arbitrator determined that Kadakia was entitled to recover $258,075 from Epson, including damages, reasonable attorneys' fees, and costs.  (Brodsky Decl. Ex. L at 3.)  The Court must confirm this Award.

## V.    CONCLUSION

For the foregoing reasons, Epson's petition is **DENIED**, and the Award is **CONFIRMED**.

DATED:     February 7, 2024

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

**CC: FISCAL**